IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Marcus Sapp, | ) |
| | ) |
| Petitioner, | ) Case No. 1:13-CV-109 |
| | ) |
| vs. | ) |
| | ) |
| Warden, Madison Correctional Institution, | ) |
| | ) |
| | ) |
| Respondent. | ) |

O R D E R

This matter is before the Court on Petitioner Marcus Sapp's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 3), Magistrate Judge Wehrman's Report and Recommendation (Doc. No. 19) recommending that Petitioner's petition be denied, and Petitioner's objections to the Report and Recommendation (Doc. No. 20). For the reasons that follow, Petitioner's objections to Magistrate Judge Wehrman's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. Petitioner's petition for a writ of habeas corpus is not well-taken and is **DENIED.** Petitioner's petition is **DISMISSED WITH PREJUDICE.**

Petitioner is a prisoner of the Ohio Department of Rehabilitation and Correction serving, inter alia, a term of life imprisonment without the possibility of parole for the aggravated murder of Andrew Cunningham during a home-invasion robbery. The trial judge denied Petitioner's motion to suppress the testimony of Tyler Irvine, Cunningham's roommate, on the grounds that Irvine's identification of him in a lineup as one of the two perpetrators of the robbery was the result of unduly suggestive police identification

1

procedures. Irvine, who narrowly escaped being a murder victim himself, testified during the suppression hearing, and later at trial, that he had been unable to identify Petitioner as a perpetrator in a number of photo arrays shown to him by the police, principally because the photographs were of such poor quality. Irvine also told the police, however, that he felt sure he could identify the perpetrator if he could see him in person. That turned out to true because, as Irvine testified, he recognized Petitioner as one of the robbers the moment Petitioner walked into the lineup room.

The trial judge denied Petitioner's motion to suppress Irvine's testimony because he found Irvine's identification of Petitioner to be reliable. Supporting this conclusion, the trial judge noted the traumatic nature of the incident, the accuracy of Irvine's description of Petitioner, and Irvine's certainty once he saw Petitioner in person. The jury convicted Petitioner of the aggravated murder of Cunningham, as well as on related charges of felonious assault, aggravated robbery, and aggravated burglary.

As is relevant here, on direct appeal to the Ohio court of appeals, Petitioner argued that the state's line-up procedures were unduly suggestive and violated his right to due process. The court of appeals, however, concluded that Irvine's identification of Petitioner resulted from his observations at the time of the crime and not from impermissibly suggestive police procedures. In support of this conclusion, the court of appeals, like the trial court, noted that Irvine saw Petitioner face-to-face during the commission of the crime, that Irvine's prior inability to identify Petitioner was due to the poor quality of the photos, and that Irvine instantly recognized Petitioner in the lineup. The court concluded, therefore, that Irvine's identification of Petitioner was reliable and did not violate his right to due process. The Supreme Court of Ohio declined discretionary review of Petitioner's appeal

as not involving any substantial constitutional question.

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's sole assignment of error alleges that his due process rights under the Fifth and Fourteenth Amendments were violated when the state courts determined that the eyewitness identification was reliable and not the result of suggestive police procedures.

In his Report and Recommendation, Magistrate Judge Wehrman found that the state court of appeals did not unreasonably apply controlling Supreme Court precedent in concluding that Irvine's identification of Petitioner was reliable. Judge Wehrman noted that Supreme Court precedent establishes a two-step procedure to determine whether the accused's right to due process was violated by a pretrial identification procedure. The court must first decide whether the identification procedure was unduly suggestive. If the procedure was unduly suggestive, the court must evaluate whether, under the totality of the circumstances, the identification was nonetheless reliable. Judge Wehrman then listed the factors the Supreme Court has decided are relevant in making that assessment. Specifically, the court should consider: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness when identifying the defendant; and (5) the length of time between the crime and the identification. Doc. No. 19, at 9 (citing Manson v. Braithwaite, 432 U.S. 98 (1977) and Neil v. Biggers, 409 U.S. 188 (1972)).

Judge Wehrman assumed without deciding that in Petitioner's case, the identification procedures used by the police were suggestive. Judge Wehrman found, nevertheless, that

3

the state court did not unreasonably determine that Irvine's identification of Petitioner was reliable. Similar to the state courts, Judge Wehrman cited that Irvine saw Petitioner at a close distance, that Irvine provided the police with an accurate physical description of Petitioner, that Irvine was paying attention to the assailants, and Irvine's certainty when he first saw Petitioner in the lineup. Accordingly, Judge Wehrman concluded that Petitioner failed to demonstrate a due process violation and recommended that his habeas petition be dismissed, and that he be denied a certificate of appealability and leave to appeal <u>in forma pauperis</u>.

Petitioner filed timely objections to Magistrate Judge Wehrman's Report and Recommendation. Petitioner's objections, however, are sorely lacking in substance. Petitioner argues only that "given the fallibility of eyewitness identifications, especially cross-racial identifications," the Court should find that the state court's application of <u>Manson</u> and <u>Braithwaite</u> was unreasonable. Doc. No. 20, at 2.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state-court opinion violates the "unreasonable application" clause of § 2254 when

4

"the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state-court opinion will also involve the "unreasonable application" of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." Seymour v. Walker, 224 F.3d 542, 549 (6th Cir. 2000). The Supreme Court stated that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. In defining the meaning of the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews de novo Magistrate Judge Wehrman's Report and Recommendation. As Respondent accurately states, Petitioner's objections to the Report and Recommendation arguably do not meet the requirements for de novo review since he has failed to identify anything allegedly incorrect about the report. See Victoria's Secret Stores v. Artco Equip. Co., Inc., 194 F. Supp.2d 704, 716 (S.D. Ohio 2002)("Objections must be sufficiently specific to put the district court on notice of the urged error.").

In any event, Judge Wehrman's conclusion that the Ohio court of appeals reasonably determined that Irvine's identification of Petitioner was constitutionally reliable is undoubtedly correct. The state court of appeals cited the correct factors for assessing

the reliability of Irvine's identification of Petitioner and its factual findings are supported by the record. Contrary to Petitioner's implied suggestion, the fact that eyewitness testimony may be unreliable as an evidentiary matter does not compel a conclusion that eyewitness testimony is unreliable as a constitutional matter. Indeed, the Supreme Court has stated that it "has linked the due process check, not to suspicion of eyewitness testimony generally, but only to improper police arrangement of the circumstances surrounding an identification." Perry v. New Hampshire, 132 S. Ct. 716, 726 (2012) (emphasis added). So long as the eyewitness's testimony meets due process standards, its ultimate reliability is for the jury to decide. Id. at 728. In this case, Petitioner has not shown that the state court of appeals' conclusion that Irvine's identification testimony was constitutionally reliable was an unreasonable determination under AEDPA standards.

## Conclusion

For the foregoing reasons, Petitioner's objections to Magistrate Wehrman's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. Petitioner's application for a writ of habeas corpus is not well-take and is **DENIED.** The petition is **DISMISSED WITH PREJUDICE.**

A certificate of appealability will not issue with respect to this order because Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Petitioner remains free to request issuance of the certificate of

appealability from the Court of Appeals.  See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith.  Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date November 4, 2014                                             s/Sandra S. Beckwith
                                                                        Sandra S. Beckwith
                                                                        Senior United States District Judge